IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-19-259-C |
| | ) | |
| JOSE ALBERTO CHAVEZ CORTES, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

Defendant has filed a Motion to Dismiss Indictment. According to Defendant, due to tweets by President Donald Trump it will be impossible to impanel an impartial jury. Defendant argues that dismissal is the only way to protect his Fifth Amendment Due Process and Sixth Amendment impartial jury rights. Alternatively, Defendant requests the Court conduct an evidentiary hearing and require Plaintiff to show cause that the entire jury pool has not been tainted.

Defendant has not met his high burden. As the Tenth Circuit noted in United States v. McVeigh, 153 F.3d 1166, 1181 (10th Cir. 1998), "the bar facing the defendant wishing to prove presumed prejudice from pretrial publicity is extremely high" (overruled on other grounds by Hooks v. Ward, 184 F.3d 1206, 1227 (10th Cir. 1999)). Defendant has failed to demonstrate that an "irrepressibly hostile attitude pervade[s] the community" from which the jury members will be drawn. Stafford v. Saffle, 34 F.3d 1557, 1567 (10th Cir. 1994). Indeed, Defendant cites to no comments by any potential juror, nor does he identify any publicity occurring in this district which would prevent him from receiving a

fair trial. See Hale v. Gibson, 227 F.3d 1298 (10th Cir. 2000). Finally, Defendant fails to offer any reasoned argument demonstrating that the Court's voir dire process cannot and will not ensure the jury panel is impartial. Rather, Defendant makes a conclusory statement that the Court cannot rely on a juror's statement that they can be fair and impartial.

For the reasons set forth herein, Defendant's Motion Dismiss Indictment (Dkt. No. 16) is DENIED.

IT IS SO ORDERED this 1st day of October, 2019.

ROBIN J. CAUTHRON
United States District Judge